UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHERRY MONEY, an individual and as administrator for the ESTATE OF KENNETH MONEY; and KENNY MONEY,<br><br>        Plaintiffs,<br><br> v.<br><br>BANNER HEALTH d/b/a BANNER CHURCHILL COMMUNITY HOSPITAL; et al.,<br><br>        Defendants. | 3:11-CV-00800-LRH-WGC<br><br>ORDER |

Before the court is defendant Donald Gandy's ("Gandy") Motion to Dismiss (#6[1]). Plaintiffs Sherry and Kenny Money ("Plaintiffs") filed an opposition (#7), to which Gandy replied (#8).

I.    **Facts and Procedural History**

This is a medical malpractice and wrongful death action arising out Kenneth Money's ("Money") visit to defendant Banner Churchill Community Hospital ("Banner"). On the morning of November 4, 2010, Money drove himself to Banner and requested medical attention for chest pain. Money was assessed and treated by several different health care professionals, including defendant Gandy.

After further testing and treatment, the treating medical professionals determined that

---

[1] Refers to the court's docket entry number.

Money should be transferred to Saint Mary's Hospital for treatment. However, before he could be transferred, Money went into cardiac arrest and passed away in the early morning of November 5, 2010. Subsequently, Plaintiffs brought this action alleging negligence/medical malpractice, violations of 42 U.S.C. § 1395dd of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), and wrongful death. (Doc. #1).

Defendant Gandy now moves to dismiss himself as a defendant for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

///

2

### III.  Discussion

In his motion, Gandy argues that this court is without subject matter jurisdiction over him because he is only a defendant as to Plaintiffs' state law claims for negligence/medical malpractice. In opposition, Plaintiffs argue that this court has supplemental jurisdiction over the claims against defendant Gandy.  The court agrees.

District courts are granted supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Specifically, "a state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Here, the complaint sufficiently alleges facts to show that the state law claims are adequately related to Plaintiffs' EMTALA federal claims to invoke the district court's jurisdiction. The state and federal claims arise out of the alleged substandard care that Money received while at Banner on November 4, 2010, which includes care received from defendant Gandy.  Thus, the court finds that the state law claims arise from the same case or controversy as the federal claims, and therefore supplemental jurisdiction over the state law claims is proper.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#6) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3